IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:20-mj-2136-HBG |
| CHARLES M. BEATTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This case is before the Court on Defendant's pro se Motion to Waive Sixth Amendment Right to Counsel [Doc. 14], as well as the Government's Motion for Determination of Defendant's Mental Competency [Doc. 15]. The parties appeared before the undersigned for a motion hearing via videoconference on July 6, 2020. Assistant Federal Defender Jennifer Kolman appeared on behalf of the Government, while Assistant Federal Defender Molly Kincaid appeared on behalf of Defendant—who was also present via videoconference.

Initially, Defendant stated that he wished to withdraw his pro se motion [Doc. 14] and proceed with being represented by Assistant Federal Defender Kincaid. Therefore, Defendant's pro se motion to Waive Sixth Amendment Right to Counsel [**Doc. 14**] is **DENIED AS MOOT**.

The Government's Motion for Determination of Defendant's Mental Competency [Doc. 15] requests that the Court order that a psychiatric or psychological evaluation be performed upon Defendant to determine his mental competency. The motion relates that Defendant was previously

found not guilty by reason of insanity in this Court on October 24, 2002 for charges of bank robbery and vehicle theft. *See United States v. Charles Beatty*, No. 3:02-cr-30 (E.D. Tenn. Oct. 24, 2002) [Doc. 37]. The Government details the March 2017 "Certificate of Recovery and Request for Discharge from Psychiatric Hospitalization" filed in the earlier case against Defendant, and this Court's discharge of Defendant from his 18 U.S.C. § 4243(a) commitment.

However, the Government also notes Defendant's subsequent incarceration on state charges for walking into a First Tennessee Bank and requesting $1,000 for a project in connection with the Federal Bureau of Investigation ("FBI"), waiting in the bank, and commenting that a "SWAT" team would arrive shortly. [Doc. 15 at 2]. Additionally, the Government details Defendant's letters to various government agencies in April of 2020 which "were the impetus to the warrant and complaint" against Defendant, containing threats to cause an explosion in the federal building and other references to explosives and violence. [*Id.*]. The Government references Defendant's pro se filings in the present case, which included an affidavit requesting that an FBI agent and his former cellmate be arrested and an allegation that former United States Attorney General Eric Holder is involved a gun running scheme which is former cellmate. *See* [Docs. 10, 11]. Lastly, the Government details June 19 and 24, 2020 letters sent to the United States Attorney's Office. *See* [Docs. 15-1, 15-2, 15-3].

During the hearing, Assistant Federal Defender Kincaid stated that Defendant did not object to a mental evaluation, but that she intended to seek a private doctor to perform an evaluation due to the potential delay in obtaining a Federal Bureau of Prison evaluation. Therefore, the parties agreed that the motion was not disputed, with the understanding that an evaluation by a local mental health provider may occur sooner.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether

he has a rational as well as factual understanding of the proceedings against him.'" *Mallet v. United States*, 334 F.3d 491, 494–95 (6th Cir. 2003) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The Court must consider the matter of the Defendant's competency, upon a motion by either party, if the Court finds "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a).

Based upon the information before the Court, including the Government's motion and the statements of counsel, the Court finds that reasonable cause exists to believe that Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court finds reasonable cause exists to warrant a mental examination and evaluation of Defendant under 18 U.S.C. § 4241(b). Therefore, the Government's Motion for Determination of Defendant's Mental Competency [**Doc. 15**] is **GRANTED**.

Pursuant to Title 18, Sections 4241(b) and 4247(b)-(c), of the United States Code, it is hereby **ORDERED**, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the

extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,

(3)  Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

(4)  The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.

(5)  The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

    (a) the Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis, and

    (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examination for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7)  The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8)  A competency hearing and/or status conference is set for **October 20, 2020 at 1:30 p.m.**  If the Defendant has returned and the Court has received the forensic report prior to this time, the Court

may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **October 20, 2020** competency hearing.

(10) All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

(12) Defense counsel is **DIRECTED** to provide copies of the Defendant's mental health records to the evaluating psychologist, once he receives them.

**IT IS SO ORDERED.**

    ENTER:

    _Bruce Guyton_
    United States Magistrate Judge