IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CR-115-KAC-HBG |
| | ) | |
| CHARLES MICHAEL BEATTY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Motion to Substitute Counsel [Doc. 35], filed by Assistant Federal Defender Nakeisha C. Jackson on February 18, 2021. The Court appointed the Assistant Federal Defender Mary Margaret Kincaid and Federal Defender Services of Eastern Tennessee ("FDS") to represent Defendant Beatty at his initial appearance on a Criminal Complaint on June 12, 2020 [Doc. 5]. Assistant Federal Defender Nakeisha C. Jackson entered a notice of appearance on August 25, 2020 [Doc. 22]. In the instant motion, Ms. Jackson asks the Court to relieve FDS of its representation of Defendant Beatty. The motion states that the attorney-client relationship has deteriorated to the point that counsel cannot work with the Defendant effectively to prepare the case for trial. The motion also relates that the Defendant no longer trusts counsel's advice and that the appointment of new counsel would be in the Defendant's best interest.

The parties appeared before the Court for a video motion hearing on February 24, 2021. Assistant United States Attorney Jennifer Kolman appeared by video conference on behalf of the Government. Ms. Jackson and Defendant Beatty also appeared by video conference, as did Attorney Kimberly A. Parton. Ms. Jackson stated that the attorney-client relationship has deteriorated to the point that she cannot effectively assist the Defendant. She said the Defendant has lost faith in her representation and that substitution of counsel would be in his best interest. Defendant Beatty agreed that he needed a new attorney. AUSA Kolman stated that the Government takes no position on the matter but noted that the substitution of counsel will delay the trial in this case.

The Court finds that through no fault of Ms. Jackson, a breakdown has occurred in the trust and communication necessary to the attorney-client relationship. The Court also finds this loss of trust and communication compromises Ms. Jackson's ability to present an adequate defense and to render effective assistance of counsel. Based upon the statements of counsel and the Defendant, the Court concludes that the breach of trust in the attorney-client relationship is irreparable. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case. The Court admonished the Defendant that it would not substitute counsel a second time, absent a substantial basis.

Based upon good cause shown, the Motion to Substitute Counsel [**Doc. 35**] is **GRANTED**, and Ms. Jackson and FDS are relieved as counsel of record for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Kimberly A. Parton was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and

2

Case 3:20-cr-00115-KAC-HBG   Document 38   Filed 02/25/21   Page 2 of 5   PageID #: 159

**APPOINTS** Ms. Parton under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Beatty. Defendant Beatty is encouraged to make every effort to work with Ms. Parton through the remainder of this case. Ms. Jackson stated that she had sent the Defendant's case materials and discovery to Ms. Parton by email.

The trial of this case is set for March 23, 2021. Ms. Parton made an oral motion to continue the trial date to allow her to prepare for trial. She agreed the Defendant was waiving his speedy trial rights in relation to this motion. AUSA Kolman said the Government took no position on the motion.

The Court finds the Defendant's oral motion to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Attorney Parton is new to the case and needs time to review the discovery, to confer with the Defendant, to investigate the facts of the case, and to prepare for trial. The Court finds that all of this cannot occur in the one month remaining before the March 23 trial date or in less than two and one-half months. Thus, the Court concludes that without a continuance, new defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's oral motion to continue the trial is **GRANTED**. The trial of this case is reset to **May 11, 2021**. The Court finds that all the time between the February 24, 2021 motion hearing and the new trial date of May 11, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Finally, AUSA Kolman expressed concern about Defendant Beatty's failure to take needed medication as prescribed and the effect on the Defendant's ability to participate in his case. Defendant Beatty stated that he intended to take his medication now. Ms. Parton said that she discussed this matter with the Defendant, who states that he will become and remain compliant with his medication. AUSA Kolman stated that she will monitor the Defendant's compliance with his medication, through contact with the United States Marshals Service. Counsel informed the Court that they will request a status conference if a problem arises with the Defendant taking his medication.

Accordingly, it is **ORDERED** as follows:

(1) The Motion to Substitute Counsel [**Doc. 35**] is **GRANTED**;

(2) Assistant Federal Defender Nakeisha C. Jackson and FDS are **RELIEVED** of their representation of the Defendant;

(3) Attorney Kimberly A. Parton is **SUBSTITUTED** and **APPOINTED** as Defendant Beatty's counsel of record under the CJA;

(4) The Defendant's oral motion to continue the trial is **GRANTED**;

(5) The trial of this matter is reset to commence on **May 11, 2021**, **at 10:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(6) All time between the motion hearing on **February 24, 2021**, and the new trial date of **May 11, 2021,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(7) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 12, 2021**;

(8) The deadline for filing motions *in limine* is **April 26, 2021**;

(9) The parties are to appear before the undersigned for a final pretrial conference on **April 26, 2021, at 11:00 a.m.**; and

4

(10) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 30, 2021**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge