UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CR-115-TAV-JEM |
| ) | |
| CHARLES MICHAEL BEATTY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Government's Motion for Determination of Defendant's Mental Competency [Doc. 100], filed on May 13, 2024. *See* 28 U.S.C. § 636(b). The parties appeared before the undersigned on May 20, 2024, for a hearing on this motion. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Assistant Federal Defender Nakeisha C. Jackson represented Defendant Beatty, who was also present.

The Government asks the Court to determine Defendant Beatty's competency to proceed to his revocation hearing in this case and to order Defendant to submit to a psychiatric and/or psychological evaluation at a Bureau of Prisons ("BOP) facility [Doc. 100 p. 1]. It observes that Defendant was found not guilty by reason of insanity in 2002 in this district (*United States v. Beatty*, Case No. 3:02-CR-30), that he has received eight prior competency evaluations, including one in this case [*see* Doc. 17], and that Defendant engages in a pattern of asking to represent himself and filing illogical pro se motions [Doc. 100 pp. 1–3]. After recounting Defendant's history of mental illness, criminal offenses, and violations of release, the Government argues that Defendant's allegations in his recent pro se motion to represent himself

show that his competency should again be evaluated to assure his rights are protected [*Id*. at 2–4].

Defense counsel responded in opposition to the motion for a competency evaluation, observing that Defendant was previously found competent in this case, understands the allegations against him, and can meet and confer with counsel [Doc. 102 pp. 1–3]. Ms. Jackson has met with Defendant in-person on four occasions and spoken with him multiple times by telephone [*Id*. at 3]. Her interactions with Defendant have not caused her to question his competence [*Id*.]. Ms. Jackson states that Defendant is not experiencing auditory or visual hallucinations, is grounded in the present, and understands the roles of the Court, defense counsel, the prosecutor, and the probation officer [*Id*.]. Counsel opines that subjecting Defendant to a mental evaluation would be a waste of scarce resources [*Id*. at 4].

At the motion hearing, AUSA Kolman argued that a competency evaluation is necessary to protect society from Defendant's repeated pattern of discontinuing his psychotropic medication, experiencing a flare in mental illness, self-medicating with illegal drugs, and committing crimes and/or violations that pose a danger to others. She pointed out that in Defendant's recent pro se motion, he calls for a competency evaluation for the prosecuting attorney and his probation officer.

Ms. Jackson stated that she met with Defendant for thirty minutes before the hearing and that he is oriented to time, place, and circumstances and is not experiencing hallucinations or delusions. She stated that Defendant has been in custody since April 2024 and is not experiencing a drug-induced psychosis. Based upon her interactions with Defendant, Ms. Jackson said he understands the revocation proceedings, the guideline range, and the available procedural options.

Competency to stand trial requires that a defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *accord United States v. Dubrule*, 822 F.3d 866, 875–76 (6th Cir. 2016). While the "bar for incompetency is high[,]" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008), the bar for conducting a competency determination is not, *United States v. Johnson*, No. 1:19-cr-129-TRM-SKL, 2021 WL 808734, at *2 (E.D. Tenn. Mar. 3, 2021). The Court shall grant a motion for a competency hearing or order one sua sponte if it finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). *See United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006) (observing that reasonable cause under § 4241(a) is a "liberal" standard"); *see also United States v. Rayyan*, No. 16-CR-20098, 2016 WL 1746013, at *3 (E.D. Mich. May 3, 2016) (concluding that reasonable cause "is not an onerous standard").

Whether to permit a competency hearing is largely within the Court's discretion. *Johnson*, 2021 WL 808734, at *2 (citing *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999)). The Court is not required to hold an evidentiary hearing. *Jackson*, 179 F. App'x at 932. Nor is any "single item of proof . . . required or necessarily sufficient[.]" *Johnson*, 2021 WL 808734, at *3. "Factors for the court to consider when [a competency] hearing is requested . . . include evidence of a defendant's irrational behavior, demeanor, and any prior medical opinions regarding the defendant's competency." *Id*. at *2 (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). Defense counsel's assessment of defendant's conduct and ability is also important.

3

*Jackson*, 179 F. App'x at 933. At bottom, the Court looks to whether "[s]ome minimum showing of incompetence" is present before granting a competency hearing. *Lenhard v. Wolff*, 603 F.2d 91, 93 (9th Cir. 1979); *see also Johnson*, 2021 WL 808734, at *3 (finding "[s]ome minimum showing of incompetence" (citing *Jackson*, 179 F. App'x at 932) (alteration in original)); *Rayyan*, 2016 WL 1746013, at *3 ("[A]ny significant doubt as to the defendant's competency requires a competency evaluation." (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

Here, considering the applicable standard and based upon the information in the motion and response and information presented at the hearing, along with the undersigned's observations of Defendant's demeanor at the motion hearings on May 10[1] and May 20, the Court finds no reasonable cause for a competency determination. Nor does the Court harbor any significant doubt as to Defendant Beatty's competence. While Defendant has been diagnosed with a mental disease or defect, the information before the Court shows that he can understand the nature and consequences of the proceedings against him and assist properly in his defense. *See* 18 U.S.C. § 4241(a). Accordingly, the Court **DENIES** the Government's Motion for Determination of Defendant's Mental Competency [**Doc. 100**].

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

---

[1] On May 10, 2024, the undersigned held a motion hearing on Defendant's motions [Docs. 98 & 99] to represent himself and questioned Defendant at length about his desire to waive his right to counsel and to represent himself. At the May 20 motion hearing, Defendant withdrew his pro se motion to represent himself and counsel's motion asking the Court to permit Defendant to represent himself [*See* Docs. 104 & 105].

4

Case 3:20-cr-00115-TRM-JEM   Document 106   Filed 05/23/24   Page 4 of 4   PageID #: 408